**In the Matter of Randell Lee HOOPER, Debtor.**

**Randell Lee HOOPER, Plaintiff,**

v.

**The CITIZENS AND SOUTHERN EQUITY MORTGAGE COMPANY, Defendant.**

**Bankruptcy No. 80–03956A.
Adv. No. 81–0523A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Oct. 15, 1981.

M. David Harrison, Marietta, Ga., for plaintiff.

Robert D. McCallum, Atlanta, Ga., for defendant.

### MEMORANDUM OF OPINION

A. D. KAHN, Bankruptcy Judge.

The subject of this opinion is the objection of The Citizens and Southern Equity Mortgage Company (the "Company") to the amended Chapter 13 plan filed by the Debtor, Randell Lee Hooper, in the above-styled bankruptcy proceeding.

The Debtor scheduled as an outstanding debt a loan from the Company secured by a second mortgage in real property of the Debtor, and scheduled $10,456.20 as the amount claimed by the Company. The Debtor's First Amended Chapter 13 Compo-

sition Plan, filed on January 20, 1981, identified "Secured Claims-Class Two" as those claims of creditors secured by real property, which have been filed and allowed. Distribution to Class Two claimants was provided for as follows:

. . . Class Two claims shall be paid by the DEBTOR outside of this Bankruptcy.

(1) That any defaults shall be brought current within one (1) year of the confirmation of this PLAN, unless the creditors' claims are disputed, then within one (1) year from the date the disputed amounts are determined, if appropriate and

(2) That current payments shall be maintained beginning on the first (1st) day of the month following the date of the conformation (sic) of this PLAN unless disputed, then on the first (1st) day following the date of the disputed amounts are determined; . . .

The Company filed a Proof of Claim [1] on December 29, 1980, showing that the amount of its claim was $7,520.88, and that it was secured in full. No objections to this proof of claim have been filed.

On February 20, 1981, the Company filed its "Objection To Confirmation Of The Debtor's First Amended Chapter 13 Composition Plan," and stated as grounds for its objection, "those reasons allowed under 11 U.S.C. § 1325." Two specific objections were raised: First, that the Plan did not provide for payment of the Company's claim, as the Plan stated that the claim would be paid once the dispute as to the amount was resolved, without saying when the dispute would be created or when it would be resolved; second, that the Company had rejected the Plan and was entitled to have its property securing its claim surrendered to it, and that the Plan did not provide for surrender, pursuant to 11 U.S.C. § 1325(a)(5)(C).

After appropriate notice a hearing on the objection to confirmation was held on March 24, 1980. At that time it was shown that the Debtor's home has an equity in it exceeding both the value of the first and

---

1. The record shows that this claim was designated as claim "4".

second security deeds, and that the Company is adequately protected, 11 U.S.C. § 362(d), by an equity cushion. The court took the issues raised by the Company's objection under advisement. On the same day a Complaint Objecting To Allowance of Claim No. 4 was filed on behalf of the Debtor, alleging numerous defects relating to the Company's claim, as well as seeking damages in the amount of $1,000.00 in the form of recoupment for Truth in Lending violations; alleging that the Debtor had rescinded its agreements with the Company and was entitled to relief under the Truth in Lending Act; and, that, because the Company had violated *Ga.Code Ann.* §§ 57–201 *et seq.*, the Debtor was entitled to a refund of any payments he had made, and any other relief provided for by Georgia law, including forfeiture (by the Company) of the entire principal amount of the loan, plus interest and other charges. The filing of this Complaint initiated a separate adversary action (Case No. 81–0523A) in this court.

On April 30, 1981, the Company filed a "Request For Adequate Protection" alleging that as of April 30, 1981, the Debtor was in arrears to the Company under the Note in the amount of $1,836.90, and that the Company was entitled to adequate protection pursuant to 11 U.S.C. § 363(e).

The issue before the court is whether the Debtor's plan as amended can be confirmed over the Company's objections. The problem has arisen because of the dispute about the amount and secured status of the Company's claim against the Debtor.

There was no real dispute about the Company's claim at the time it filed its objection to the plan. No objections to the claim had been filed. However, on the date of the confirmation hearing the adversary action was commenced, which alleged, *inter alia*, violations of both state and federal law. Certain of the allegations, if proven, might have the effect of vitiating the entire loan transaction. But the adversary action should not delay either confirmation of a plan that is otherwise unobjectionable to other creditors, or disbursement to creditors whose claims have not been disputed. As to creditors other than the Company the plan warrants confirmation.

The Debtor, however, proposes to delay payment of arrearages and current payments to the Company, the holder of a secured claim in real property of the Debtor, until the Debtor's adversary action has been resolved. Such a proposal is inequitable because the Debtor has the burden of proving the invalidity and defectiveness of the Company's paper. The existence of the equity cushion may warrant keeping the automatic stay in effect, but the filing of the bankruptcy petition should not give the Debtor an advantage that he would not otherwise have. The institution of a civil action under Truth in Lending and Georgia law in a forum other than the bankruptcy court would not automatically relieve the plaintiff in the non-bankruptcy forum from the obligation making current payments on the underlying debt. Nor should the Debtor in this case be permitted to withhold payments to the Company because of the pendency of the bankruptcy and the related adversary action. Therefore, this court will not confirm the plan unless it is amended to provide for current payments to C & S. C & S has adequate protection for the arrearages.

The Debtor is estopped from complaining about making current payments because that is exactly what he proposed to do in his plan. If the Debtor prevails in the adversary action, the Company, no doubt, can make good any judgment rendered against it.

This is not a case involving the surrender of property by the Debtor, 11 U.S.C. § 1325(a)(5)(C), and the Company's objection relative to surrender is without merit.